UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

_____
PATRICK FULTZ, *et al.*,               )
                                       )
                    Plaintiffs,        )   Case No. C08-0343RSL
                                       )
        v.                             )
                                       )   ORDER GRANTING NATIONAL
WORLD SAVINGS AND LOAN                 )   CITY'S MOTION TO DISMISS
ASSOCIATION, *et al.*,                 )   PLAINTIFFS' STATE LAW CLAIMS
                                       )
                    Defendants.        )
_____)

    This matter comes before the Court on a motion to dismiss filed by defendants National City Bank and National City Mortgage Company (collectively referred to as "National City"). National City argues that relief cannot be granted on any of plaintiffs' state law claims because the claims are preempted by the federal National Bank Act ("NBA"), 12 U.S.C. §§ 21 *et seq.*, and the federal regulations promulgated thereunder. Having reviewed the allegations of the complaint in the light most favorable to plaintiffs (In re Syntex Corp. Sec. Litig., 95 F.3d 922, 925-26 (9th Cir. 1996); LSO, Ltd. v. Stroh, 205 F.3d 1146, 1150 n.2 (9th Cir. 2000)), the Court agrees.

    Plaintiffs allege that defendants violated state and federal law in connection with two home mortgage loans made in February 2006. According to plaintiffs, defendants misstated the true costs and terms of the mortgages and failed to provide loan documentation in a timely manner. Based on these allegations, plaintiffs assert a federal claim under the Truth-in-Lending

ORDER GRANTING NATIONAL CITY'S
MOTION TO DISMISS STATE LAW CLAIMS

Act ("TILA"), 15 U.S.C. §§ 1601 *et seq.*, and state law claims of fraud and fraud-in-the-inducement, intentional infliction of emotional distress, breach of fiduciary duty, and unfair practices under the Washington Consumer Protection Act, RCW 19.86 *et seq*. National City, a federally-chartered bank, seeks dismissal of the state law claims.

The Court must determine whether the NBA and the regulations issued by the Office of the Comptroller of the Currency ("OCC") bar plaintiffs' state law claims. The NBA was enacted "to protect national banks against intrusive regulation by the States. See Cong. Globe, 38th Cong., 1st Sess, 1451 (1864) (noting that the 'object' of the National Bank Act was to 'establish a national banking system' free from intrusive state regulation.)" Bank of Am. v. City and County of San Francisco, 309 F.3d 551, 561 (9th Cir. 2002). OCC, the agency charged with promulgating regulations under the NBA, has declared that any state law that obstructs, impairs, or conditions a national bank's real estate lending operations does not apply to national banks. 12 C.F.R. § 34.4(a). OCC provided a list, categorized by the object of regulation, of state laws that are preempted, including any laws purporting to impose requirements regarding disclosures in loan applications or credit-related documents. 12 C.F.R. § 34.4(9). OCC did not, however, intend to preempt state laws of general applicability that have only an incidental effect on the lending operations of federal savings associations. 12 C.F.R. § 34.4(b).

Even a cursory review of 12 C.F.R. § 34.4 reveals the striking similarities between OCC's preemption regulation and the preemption regulation issued by the Office of Thrift Supervision under the Home Owners' Loan Act ("HOLA"), 12 U.S.C. §§ 1461 *et seq*. The similarities are not accidental: OCC looked to existing preemption provisions when determining how best to protect national bank operations from intrusive state regulation while still serving the needs of consumers. See 69 Fed. Reg. 1904, 1912 and 1914 (Jan. 13, 2004). In fact, OCC intended to generate regulations that would make national banks and federal savings associations subject to state laws to the same extent. 69 Fed. Reg. at 1912. This interpretation of the

ORDER GRANTING NATIONAL CITY'S
MOTION TO DISMISS STATE LAW CLAIMS    -2-

governing regulations is reasonable and, in light of the regulatory language, persuasive. The Court therefore applies § 34.4 in the same way it applied 12 C.F.R. § 560.2 in the companion order granting Wachovia's motion to dismiss the state law claims.

The Court finds that none of the state common law or statutory claims asserted by plaintiffs is directly aimed at national banks or lenders in general. The question, therefore, is whether, under § 34.4(b), the state laws are being used by plaintiffs as a vehicle to impose limitations on the exercise of national banks' real estate lending power. Despite the general nature of the state laws at issue in this case, plaintiffs are attempting to use the laws to require particular disclosures at particular times and in a particular manner. Such activities are defined as integral components of lending operations in § 34.4(a)(9), and OCC has recognized that the proliferation of state regulations on this topic would interfere with the uniform federal scheme. In the circumstances presented here, plaintiffs' use of state common law and statutes to impose requirements related to disclosures in credit-related documents would have more than an incidental effect on a national bank's lending operations and is therefore subject to preemption under § 34.4(b).

With only the barest reference to the governing preemption regulation, plaintiffs argue that their state law claims are not preempted because (a) TILA preempts only those state laws that are actually inconsistent with the statute and (b) their state law claims are based solely on defendants' violations of TILA and therefore complement, rather than interfere with, the federal regulatory scheme. Neither argument is persuasive. TILA's preemption provision tells us only what state laws are preempted by TILA: it does not determine the preemptive effect of other federal statutes. See, e.g., Silvas v. E*Trade Mortgage Corp., 514 F.3d 1001, 1007 (9th Cir. 2007) (rejecting argument that TILA's limited preemption provision somehow trumps HOLA and its implementing regulations); Bank of Am., 309 F.3d at 558 (rejecting similar argument regarding interplay between the anti-preemption provision of the Electronic Fund

Transfer Act and the provisions of the NBA and HOLA). Despite plaintiffs' representations to the contrary, the factual allegations offered in support of their state law claims are not expressly or impliedly limited to TILA violations. Plaintiffs' fraud claim, for example, is broadly written and contains no reference to TILA. The fraud claim presumably incorporates judicial interpretations of the terms "mislead, deceive, and defraud," which may be broad enough to result in a favorable verdict on the fraud claim regardless of whether TILA was violated. Even when read in the light most favorable to plaintiffs, their state law claims cannot withstand the preemption analysis of § 34.4.

Because plaintiffs' state law claims against National City are preempted, the Court need not determine whether they fail for lack of particularity or on their merits.

For all of the foregoing reasons, defendants' motion to dismiss plaintiffs' state law claims against National City Bank and National City Mortgage Company is GRANTED.

Dated this 18th day of August, 2008.

*[signature]*
Robert S. Lasnik
United States District Judge

ORDER GRANTING NATIONAL CITY'S
MOTION TO DISMISS STATE LAW CLAIMS    -4-