UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PATRICK FULTZ, *et al.*,

    Plaintiffs,

v.

WORLD SAVINGS AND LOAN ASSOCIATION, *et al.*,

    Defendants.

Case No. C08-0343RSL

ORDER GRANTING IN PART AND DENYING IN PART WACHOVIA'S MOTION TO DISMISS

# I. INTRODUCTION

This matter comes before the Court on "Wachovia's Motion to Dismiss Plaintiffs' TILA Claim." Dkt. # 21. Defendants World Savings and Loan Association, now known as Wachovia Mortgage, and Wachovia Corporation (collectively "Wachovia") argue that plaintiffs' Truth in Lending Act ("TILA") claim should be dismissed because it was filed after the statute of limitation had expired. Plaintiffs counter that the limitations period was equitably tolled, rendering the action timely. For the following reasons, defendants' motion to dismiss is GRANTED in part and DENIED in part.

# II. DISCUSSION

**A. Background**

In February 2006, plaintiffs submitted a loan application to defendant Gold Mortgage. According to the Good Faith Estimate ("GFE") provided by the lender, a loan in the

ORDER GRANTING IN PART AND
DENYING IN PART WACHOVIA'S
MOTION TO DISMISS

amount of $189,000 at 7.8% interest with total closing costs of $5,880 was available. The house plaintiffs wanted to purchase was $246,800, however, and their mortgage broker, defendant Mills, advised them to reapply for a larger loan amount. Subsequently, defendant Mills and/or Gold Mortgage submitted a loan application on behalf of plaintiffs to Wachovia. In June 2006, defendant Mills arranged for a notary to acquire plaintiffs' signatures on loan documents. The documents included a GFE that was incorrectly dated February 2006. According to plaintiffs' complaint, the newly-disclosed terms of the loan were $197,440 in principal, an interest rate of "2.1% for 30 years," and closing costs of $6,054.40. Dkt. # 1, Ex. A at 12. The TILA disclosure documents attached to the GFE indicated a fixed monthly mortgage rate of $739.69 and an annual percentage rate of 2.271% "for the life of the loan." Id. The disclosure documents also indicated, through a checked box, that the loan had an adjustable interest rate. Plaintiffs allege that the actual interest rate was 7.060% and could change monthly. Plaintiffs also allege that the 2.1% rate was actually negatively amortizing and could grow the loan up to 125% of the original principal. None of this was explained in writing to plaintiffs.

The documents presented to plaintiffs for signature in June 2006 also consummated a second loan in the amount of $49,360 at an interest rate of 12.5% "for 30 years." Again, the GFE provided with the loan documents was inaccurately dated February 2006. Plaintiffs allege that, contrary to the GFE disclosures, this second loan is a 15-year loan requiring a balloon payment towards the end of the loan period. The TILA documents plaintiffs received also failed to disclose the true terms of the loan: instead, they indicated that the interest rate was 10.5% for 30 years and were silent as to the balloon payment. The documents related to the second loan also had a checked box indicating a variable interest rate. Plaintiffs allege that the closing costs for both loans were higher than what was estimated in the GFEs.

Plaintiffs consulted a housing counselor after discovering that the terms they

ORDER GRANTING IN PART AND
DENYING IN PART WACHOVIA'S
MOTION TO DISMISS                    -2-

thought they had agreed to were not reflective of the actual loan terms. Dkt. # 1, Ex.t A at 14. No date is specified for this discovery. Plaintiffs filed this case in King County Superior Court on February 11, 2008, and it was removed to this Court on February 28, 2008. All state claims against defendants were dismissed on August 18, 2008. Dkt. # 19. Wachovia now moves to dismiss plaintiffs' TILA claim because the one-year statute of limitation in TILA actions has run.

**B. Analysis**

The purpose of TILA is to increase the amount of information available regarding the true costs of borrowing as a means of promoting economic stabilization, the enhancement of competition among lenders, and the protection of consumers. See 15 U.S.C. § 1601. TILA regulations (promulgated by the Federal Reserve Board at Regulation Z (Part 226 of Title 12 of the Code of Federal Regulations)) require that specific information be disclosed to potential consumers within a certain time frame. As the Ninth Circuit noted in King v. State of California, 748 F.2d 910, 915 (9th Cir. 1986), "courts have construed TILA as a remedial statute, interpreting it liberally for the consumer."

Dismissal of a claim is proper only if "no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). The Ninth Circuit has stated that "[w]hen a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." Jablon v. Dean Witter & Co., 614 F.2d 677, 682 (9th Cir. 1980).

A plaintiff asserting a TILA claim must bring an action "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The Ninth Circuit has held that "the limitations period in Section 1640(e) runs from the date of consummation of the transaction

but that the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." King, 784 F.2d at 915.

Plaintiffs assert a number of specific violations of TILA. Some of these violations could have, and should have, been discovered more than one year before February 11, 2008. For example, plaintiffs describe inconsistencies between the GFEs they received and the related TILA disclosure documents, they argue that certain pre-consummation disclosures were untimely, and they point out that the estimated and actual closing costs varied. Assuming, for purposes of this motion, that these acts violated TILA, plaintiffs had the information they needed to bring a TILA action regarding the alleged wrongs at the time the loans were consummated. Nothing prevented plaintiffs from comparing the loan documents with each other and with TILA's statutory and regulatory requirements. See Hubbard v. Fidelity Fed. Bank, 91 F.3d 75, 79 (9th Cir. 1996). Had they done so, plaintiffs would have discovered the violations described in this paragraph. Because no set of facts can be proved consistent with the allegations of the complaint that would support a finding of equitable tolling as to the TILA claims arising out of these disclosures, such claims are barred by the one-year statute of limitation.

Equitable tolling may, however, apply with regards to plaintiffs' other allegations against Wachovia. TILA requires the disclosure of "any rules relating to changes in the index, interest rate, payment amount, and outstanding loan balance including, for example, an explanation of interest rate or payment limitations, negative amortization, and interest rate carryover." 12 C.F.R. § 226.19(b)(2)(vii). If plaintiffs could not have known that a particular disclosure was missing or inaccurate until some later event occurred, the limitations period regarding that disclosure could be tolled. According to plaintiffs' complaint, defendants failed to disclose that the first loan was negatively amortizing and that the principal could grow up to

125% of the original balance. Defendants also failed to disclose that the actual rate of the first loan was 7.060% and not 2.1% as stated, or that the rate could change throughout the loan period. The second loan, according to plaintiffs, also had a variable interest rate, even though the language "for 30 years" suggests otherwise, and is for 15 years when the loan documents stated that it was for 30. The terms of the balloon payment associated with this loan were never disclosed. Under these circumstances, it is possible that the true terms of the loans were not disclosed until after the consummation of the transaction: it is unclear when plaintiffs discovered that the information provided was incomplete or inaccurate. Because facts could be proved consistent with the allegations of the complaint that would support a finding that these claims are tolled past February 11, 2007, the standard for dismissal under Rule 12(b)(6) has not been met.

### III. CONCLUSION

For all of the foregoing reasons, Wachovia's motion to dismiss (Dkt. # 21) is GRANTED in part and DENIED in part.

Dated this 17th day of December, 2008.

Robert S. Lasnik
United States District Judge