UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

PATRICK FULTZ, *et al.*,

    Plaintiffs,

v.

WORLD SAVINGS AND LOAN ASSOCIATION, *et al.*,

    Defendants.

Case No. C08-0343RSL

ORDER GRANTING WACHOVIA'S MOTION FOR SUMMARY JUDGMENT

This matter comes before the Court on "Wachovia's Motion for Summary Judgment." Dkt. # 42. Defendants World Savings and Loan Association, now known as Wachovia Mortgage, and Wachovia Corporation (collectively "Wachovia") argue that plaintiffs' remaining claims under the Truth in Lending Act ("TILA") are time-barred because the terms of the loan were fully and adequately disclosed in June 2006, more than one year before plaintiffs filed this action in King County Superior Court.[1] Having reviewed the memoranda, declarations, and exhibits submitted by the parties, and having given plaintiff an opportunity to respond to an argument first raised by Wachovia in reply, the Court finds as follows:

For a TILA claim to be timely, a plaintiff must bring an action "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). The Ninth Circuit has

---

[1] This action was originally filed on February 11, 2008, and was removed to this Court on February 28, 2008. All state claims against defendants were dismissed on August 18, 2008. Dkt. #19.

ORDER GRANTING WACHOVIA'S MOTION
FOR SUMMARY JUDGMENT

held that "the limitations period in Section 1640(e) runs from the date of consummation of the transaction but that the doctrine of equitable tolling may, in the appropriate circumstances, suspend the limitations period until the borrower discovers or had reasonable opportunity to discover the fraud or nondisclosures that form the basis of the TILA action." King v. State of California, 748 F.2d 910, 915 (9th Cir. 1986). Plaintiffs allege that Wachovia failed to disclose (a) that its $197,400 loan was negatively amortizing and that the principal could grow up to 125% of the original balance, (b) that the actual rate of the loan was 7.060 percent, and (c) that the interest rate was adjustable.

In their motion for summary judgment, Wachovia argues that these terms were adequately disclosed in June 2006 and provides a signed and acknowledged "Adjustable Rate Mortgage Note" in support thereof. Dkt. # 43. Plaintiffs contend that the disclosures on which defendants rely were buried amidst other contradictory information and that they did not "really know" what the actual terms of the loan were until they met with a housing counselor (at some unspecified date). Plaintiffs argue that the June 2006 disclosures were not in a form that the borrowers could keep (as required by 12 C.F.R. § 226.17(a)) and were surrounded by conflicting disclosures which obscured the June 2006 documents and made them ambiguous (contrary to the Staff Commentary to Regulation Z, 12 C.F.R. Pt. 226, Supp. I, ¶ 17(a)(1)-1). The Court will assume, for purposes of this motion, that plaintiff Fultz' declaration – in which he alleges that plaintiffs signed three sets of inconsistent documents – and Wachovia's inability to produce evidence regarding the other documents associated with this loan create a genuine issue of fact regarding whether Wachovia's disclosures, taken as a whole, were clear and conspicuous as required under TILA.

In their reply memorandum, Wachovia argues that, even if its pre-consummation disclosures were ambiguous, any confusion regarding the terms of the $197,400 loan was resolved when plaintiffs received their loan statement in August 2006. The evidence submitted

ORDER GRANTING WACHOVIA'S MOTION
FOR SUMMARY JUDGMENT                -2-

1 by Wachovia (Dkt. # 48) discloses the then-current interest rate of the loan, that the loan was
2 negatively amortizing, and that it had a variable interest rate. Specifically, the August 2006
3 statement indicated the applicable interest rate and revealed that the loan's balance had already
4 increased by $383.50, exactly the amount of interest deferred during the previous payment
5 period. The statement provided different payment options for the month, including one that
6 would defer interest and add another $498.36 to the loan's balance. The statement also showed
7 that the interest rate had changed from 7.060 percent to 7.510 percent. After reviewing this
8 evidence, the Court ordered plaintiff to show cause why summary judgment should not be
9 granted on their remaining TILA claims against Wachovia in light of the disclosures contained
10 in their monthly statement. Plaintiff has failed to respond.

The Court finds that plaintiffs had a reasonable opportunity to discover the alleged TILA violations no later than August 2006. Had they acted with due diligence, they would have compared the loan statement, the documents in their possession, and the TILA regulations and discovered that the terms of the loan were not what they had been led to believe. Accordingly, plaintiffs remaining claims against Wachovia are time barred by the one year statute of limitations.

For all of the foregoing reasons, Wachovia's motion for summary judgment is GRANTED.

Dated this 20th day of May, 2009.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

ORDER GRANTING WACHOVIA'S MOTION
FOR SUMMARY JUDGMENT             -3-